UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joel Isai Iglesias-Romero,

            Petitioner

  v.

John Mattos, et al.,

            Respondents

Case No. 2:26-cv-01821-CDS-BNW

**Service Order**

[ECF Nos. 1, 2]

Petitioner Joel Isai Iglesias-Romero, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (IFP). ECF Nos. 1, 2. Following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[1] I find that the petition establishes a prima facie case for relief, so I direct that it be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule. I also find that good cause exists to grant the IFP application and the request to waive funds.

It is therefore ordered that the IFP application **[ECF No. 2]** and request to waive funds is granted.

It is further ordered that the Clerk of Court:

    1.  <u>ADD</u> the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

---

[1] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. See Habeas Rule 1(b).

2.  <u>MAIL</u> a copy of the petition (ECF No. 1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

3.  <u>SEND</u> a courtesy copy of the petition (ECF No. 1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

It is further ordered that the United States Attorney's Office for the District of Nevada file a notice of appearance by June 30, 2026, and file and serve their answer to the petition by July 7, 2026, unless additional time is allowed for good cause shown.[2] The respondents must file any documents referenced or relied upon in their responsive pleadings with those pleadings.[3]

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

---

[2] In filing a response, the respondents must also provide a copy of any and all of the following (if applicable): (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, Federal Respondents may **CERTIFY** that any of these listed documents are not in their custody or control. Should the petitioner file an amended petition, the respondents are ordered to file a response within fourteen days of being served with the amended petition. The petitioner will have five days to file a reply.

[3] See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation.[4] In the event of lawful deportation, the respondents' counsel must file a notice with the court within five days of removal.

Dated: June 23, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").